UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORTREZ SLATER | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO.1:22 CV 0070 HAB-SLC |
| ANTONY BLINKEN, et al. | ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 3, 2022, *pro se* Plaintiff Cortrez Slater (Slater) filed a Complaint on the Court's Civil Complaint Form against Defendants Antony Blinken (Secretary of State), the Chief Justices of the Indiana and Alabama Supreme Courts, three state magistrates and their Clerks of Court, a deputy prosecutor and two private attorneys, his mother, Equifax, and a few others.[1] Because the Complaint is incomprehensible and fails to state a plausible claim for relief, it will be DISMISSED *sua sponte.*

**DISCUSSION**

Slater has paid the full filing fee for this action, and therefore the complaint does not have to be screened under the in forma pauperis statute, 28 U.S.C. § 1915. Regardless of fee status, this court has the inherent authority to screen and dismiss the case *sua sponte* if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike regardless of fee status"). In

---

[1] Slater previously filed a complaint for negligence in the Eastern District of Arkansas against some of the same defendants. *See Slater v. Secretary United States Department of State, et al.,* 4:21-CV-105-LPR (E.D. Ark. 2021). That case has also been dismissed for failure to state a claim.

screening the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court applies the same standards as if it had been presented a motion to dismiss from the opposing party. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 n.3 (7th Cir. 2016).

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits." *Shield Tech. Corp. v. Paradigm Positioning, LLC*. 908 F. Supp. 2d. 914, 917 (N.D. Ill. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed. 2004)). To state a cognizable claim under the federal notice pleading system the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter that, accepted as true, "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A review of Slater's Complaint reveals that it is anything but compliant with Fed. R. Civ. P. 8(a)'s requirements. The Court cannot make hide nor hair of what plausible claim for relief Slater is attempting to assert. From what the court is able to discern, Slater believes this motley crew of defendants have conspired against him to violate his due process rights. He claims 15 years of mental, emotional, and financial abuse caused in some way by them. The Court just cannot determine what happened, when it happened, where or how it happened. To further confuse matters, Slater lists a hodge podge of federal criminal conspiracy, fraud, and racketeering statutes,

and cites to the False Claims Act, the Clayton Antitrust Act, the Fair Credit Reporting Act, and the Bankruptcy Act – none of which provide any clarity for why he sued.[2]

But even if the Court could figure out the nature of his claims, nowhere in his Complaint does Slater specify the role any of the individuals he has sued have played in those claims. It is impossible, then, for the defendants to know why they are named in the suit or to discern what their involvement in his claims might be. Indeed, there is nothing in the way of a coherent claim in the Complaint and certainly no plausible claim for relief set out in the Complaint.[3]

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend where doing so would be worthwhile. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal with prejudice is appropriate because Slater has not alleged any facts that suggest a plausible theory against the defendants that an amendment would cure. Accordingly, the Complaint is DISMISSED for failure to state a claim for relief.

## CONCLUSION

Slater's Complaint is *sua sponte* DISMISSED with prejudice.

SO ORDERED on March 24, 2022.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT

---

[2] Most of the statutory references involve criminal statutes and, as a private citizen, Slater cannot bring a criminal complaint. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1988) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

[3] And there are additional problems as well. The Clerk's Office docketed the Complaint as one brought pursuant to 42 U.S.C. §1983, but Slater has sued defendants who are not state actors and some that appear immune from suit under the doctrines of sovereign and prosecutorial immunity.